1
2
3
4
5
6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

7

REBECCA DELUNA O/B/O,
D.J.D., A MINOR CHILD,

8

No.  1:16-CV-03021-RHW

Plaintiff,

9

v.

10

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT AND REMANDING
FOR BENEFITS**

11

CAROLYN W. COLVIN,
Acting Commissioner of Social
Security,

12
13

Defendant.

14

Before the Court are the parties' cross-motions for summary judgment, ECF

15

Nos. 14, 17.  Ms. Deluna brings this action on behalf of her minor child, D.J.D.,

16

seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's

17

final decision, which denied D.J.D.'s application for Supplemental Security

18

Income under Title XVI of the Social Security Act, 42 U.S.C §§ 1381-1383F.

19

After reviewing the administrative record and briefs filed by the parties, the Court

20

is now fully informed.  For the reasons set forth below, the Court **GRANTS**

Plaintiff's Motion for Summary Judgment and **REMANDS** for benefits.

## I.    Jurisdiction

Ms. Deluna filed an application for Supplemental Security Income on behalf of her minor child D.J.D., on February 15, 2012, AR 179-84, alleging onset of disability on September 1, 2009.  AR 179.  Her application was initially denied on June 1, 2012, AR 96-102, and on reconsideration on October 4, 2012, AR 73-87. On March 31, 2014, Administrative Law Judge ("ALJ") Virginia M. Robinson held a hearing in Yakima, Washington.  AR 42-61.  On April 16, 2014, the ALJ issued a decision finding Plaintiff ineligible for benefits.  AR 18-41. The Appeals Council denied Plaintiff's request for review on December 11, 2015, AR 1-4, making the ALJ's ruling the "final decision" of the Commissioner. Plaintiff timely filed the present action challenging the denial of benefits, and accordingly, D.J.D.'s claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

## II.    Sequential Evaluation Process

The Social Security Administration has established a three-step sequential evaluation process to determine whether a child (an individual under the age of 18) qualifies for disability benefits. 20 C.F.R. § 416.924(a).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. § 416.972(a). Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit. 20 C.F.R. §

1   416.972. If the claimant is engaged in substantial activity, he or she is not entitled

2   to disability benefits. 20 C.F.R. § 416.924(b). If not, the ALJ proceeds to step two.

3      Step two asks whether the claimant has a medically determinable

4   impairment that is severe, or combination of impairments that is severe. 20 C.F.R.

5   § 416.924(a). A severe impairment is one that has lasted or is expected to last for at

6   least twelve months, and must be proven by objective medical evidence. 20 C.F.R.

7   §§ 404.1508-09 & 416.908-09. For an individual who has not attained age 18, a

8   medically determinable impairment or combinations of impairments is not severe

9   if it is a slight abnormality or a combination of slight abnormalities that causes no

10  more than minimal functional limitations. 20 C.F.R. § 416.924(c). If the claimant

11  does not have a severe impairment, or combination of impairments, the disability

12  claim is denied, and no further evaluation is required.  Otherwise, the evaluation

13  proceeds to the third step.

14     Step three involves a determination of whether the claimant has an

15  impairment or combination of impairments that "meets, medically equals, or

16  functionally equals" one of the listed impairments acknowledged by the

17  Commissioner to be sufficiently severe. 20 C.F.R. § 416.924(a). In making this

18  determination, the ALJ must consider the combined effect of all medically

19  determinable impairments, even those that are not severe. 20 C.F.R. § § 416.923;

20  416.924a(b)(4); 416.926a(a),(c). If the impairment or combination of impairments

1    meets or equals, or functionally equals one of the listed impairments, and it has

2    lasted or is expected to last for a continuous period of at least 12 months, the

3    claimant is presumed disabled and qualifies for benefits. 20 C.F.R. § 416.924(d). If

4    not, the claimant is not disabled and does not qualify for benefits. *Id*.

5            In determining whether a claimant's combination of impairments

6    functionally equals the listings requires an assessment of the claimant's limitations

7    in six broad areas of functioning called domains. 20 C.F.R. § 416.926a(b)(1). The

8    six domains for children are: (1) "Acquiring and Using Information," (2)

9    "Attending and Completing Tasks," (3) "Interacting and Relating with Others," (4)

10   "Moving About and Manipulating Objects," (5) "Caring for Yourself," and (6)

11   "Health and Physical Well-being." 20 C.F.R. § 416.926a(b)(1)(i-vi). In making this

12   assessment, the ALJ must compare how appropriately, effectively, and

13   independently the claimant performs activities compared to the performance of

14   other children of the same age who do not have impairments. 20 C.F.R. §

15   416.926a(b). The claimant's combination of impairments will be found to

16   functionally equal the listings if the claimant has "marked" limitations in at least

17   two of the domains or if the claimant has "extreme" limitations in any one of the

18   six domains. 20 C.F.R. § 416.926a(d).

19           The claimant will be found to have "marked" limitations when his

20   combination of impairments seriously interferes with the claimant's ability to

1   independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2).

2   The claimant's "day-to-day functioning may be seriously limited when [the

3   claimant's] impairment(s) limit only one activity or when the interactive and

4   cumulative effects of [the claimant's] impairment(s) limit several activities." *Id*. A

5   "marked" limitation implies a limitation that is "more than moderate" but "less

6   than extreme." *Id*.

7       The claimant will be found to have an "extreme" limitation when his

8   combination of impairments very seriously interferes with his ability to

9   independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(3).

10  The claimant's "day-to-day functioning may be very seriously limited when [the

11  claimant's] impairment(s) limit only one activity or when the interactive and

12  cumulative effects of [the claimant's] impairment(s) limit several activities." *Id*.

13  An "extreme" limitation means a limitation that is "more than marked." An

14  "extreme" limitation is given to the worst limitations. *Id*.  "However, 'extreme

15  limitation' does not necessarily mean a total lack or loss of ability to function." *Id*.

16              **III.    Standard of Review**

17      A district court's review of a final decision of the Commissioner is governed

18  by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited, and the

19  Commissioner's decision will be disturbed "only if it is not supported by

20  substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1144,

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR BENEFITS~ 5**

1   1158-59 (9th Cir. 2012) (citing § 405(g)).  Substantial evidence means "more than

2   a mere scintilla but less than a preponderance; it is such relevant evidence as a

3   reasonable mind might accept as adequate to support a conclusion." *Sandgathe v.*

4   *Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d

5   1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted).  In determining

6   whether the Commissioner's findings are supported by substantial evidence, "a

7   reviewing court must consider the entire record as a whole and may not affirm

8   simply by isolating a specific quantum of supporting evidence."  *Robbins v. Soc.*

9   *Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879

10  F.2d 498, 501 (9th Cir. 1989)).

11          In reviewing a denial of benefits, a district court may not substitute its

12  judgment for that of the ALJ.  *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir.

13  1992).  If the evidence in the record "is susceptible to more than one rational

14  interpretation, [the court] must uphold the ALJ's findings if they are supported by

15  inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104,

16  1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir.

17  2002) (if the "evidence is susceptible to more than one rational interpretation, one

18  of which supports the ALJ's decision, the conclusion must be upheld").  Moreover,

19  a district court "may not reverse an ALJ's decision on account of an error that is

20  harmless." *Molina*, 674 F.3d at 1111.  An error is harmless "where it is

inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## IV.   Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings, and accordingly, are only briefly summarized here. D.J.D. was 8 years old on the date of his application. AR 179. D.J.D. is currently a school-age child. AR 24. The ALJ found that D.J.D. suffers from congenital anomalies of the heart, asthma, attention deficit hyperactivity disorder (ADHD), and autism. *Id*.

## V.   The ALJ's Findings

The ALJ determined that D.J.D. was not disabled under the Social Security Act and denied his application for benefits.  AR 18-41.

**At step one**, the ALJ found that D.J.D. had not engaged in substantial gainful activity since the date of application (citing 20 C.F.R. §§ 416.924(b) and 416.971 *et seq*.). AR 24.

**At step two**, the ALJ found D.J.D. had the following severe impairments: congenital anomalies of the heart, asthma, attention deficit hyperactivity disorder (ADHD), and autism (citing 20 C.F.R. § 416.924(c)). *Id*.

**At step three**, the ALJ found that D.J.D. did not have an impairment or combination of impairments that meets or medically equals the severity of one of

the listed impairments in 20 C.F.R. §§ 404, Subpt. P, App. 1 (citing 20 C.F.R. §§ 416.924, 416.925, and 416.926). *Id*. Additionally, the ALJ found that D.J.D. does not have an impairment or combination of impairments that functionally equals the severity of the listings (citing 20 C.F.R. §§ 416.924(d) and 416.926(a)). AR 25.

## VI.    Issues for Review

Plaintiff argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence.  Specifically, Plaintiff argues the ALJ erred by: (1) improperly weighing the medical and opinion evidence; (2) improperly rejecting Ms. Deluna's testimony as not credible; and (3) improperly determining that Plaintiff's combination of impairments does not functionally equal the listings. ECF No. 14 at 8.

## VII.   Discussion

### A. The ALJ improperly rejected the opinion of treating physician Dr. Diane Liebe, M.D.

The Ninth Circuit has distinguished between three classes of medical providers in defining the weight to be given to their opinions: (1) treating providers, those who actually treat the claimant; (2) examining providers, those who examine but do not treat the claimant; and (3) non-examining providers, those who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (as amended).

A treating provider's opinion is given the most weight, followed by an examining provider, and finally a non-examining provider. *Id*. at 830-31. Furthermore, generally more weight is given to the opinion of a specialist about medical issues related to his or her area of specialty. 20 CFR § 416.927(c)(2)(5). In the absence of a contrary opinion, a treating or examining provider's opinion may not be rejected unless "clear and convincing" reasons are provided. *Id*. at 830. If a treating or examining provider's opinion is contradicted, it may only be discounted for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id*. at 830-31.

The ALJ may meet the specific and legitimate standard by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [his or her] interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal citation omitted). When rejecting a treating provider's opinion on a psychological impairment, the ALJ must offer more than his or her own conclusions and explain why he or she, as opposed to the provider, is correct. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

Dr. Liebe treated D.J.D. for more than a year, and as his treating physician, Dr. Liebe's opinions are entitled to the highest level of deference. While the ALJ did not directly cite to a contrary opinion, the Court's review of the record finds

1   that the record clearly contains one contrary medical opinion. Dr. Liebe stated that

2   D.J.D. has marked limitations at domains one, five, and six, and extreme

3   limitations at domains two and three. AR 957-59. Non-examining medical expert,

4   Perry Grossman, M.D., testified at the hearing that D.J.D. has marked limitations at

5   domain three, and less than marked limitations, or no limitations, in the remaining

6   domains. AR 46-50. Thus, as there does exist contrary opinion, the ALJ was

7   required to provide "specific and legitimate reasons that are supported by

8   substantial evidence in the record" in order to reject Dr. Liebe's opinion. *Lester*, 81

9   F.3d at 830-31. This required that the ALJ include "a detailed and thorough

10  summary of the facts and conflicting clinical evidence, stating h[er] interpretation

11  thereof, and making findings." *Magallanes*, 881 F.2d at 751.

12      The ALJ gave "little weight" to the opinion of Dr. Liebe, limiting the ALJ's

13  review of the opinion to the form completed by Dr. Liebe on December 12, 2012,

14  which determined that D.J.D. has marked limitations at domains one, five, and six,

15  and extreme limitations at domains two and three. AR 29, 957-59. The ALJ stated

16  that "this conflicts with both the objective evidence and his activities of daily

17  living as discussed. Additionally, this opinion lacks credibility because it consists

18  of a checklist form that sheds little insight into the true nature of the claimant's

19  overall condition." AR 29.

20

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR BENEFITS~ 10**

1    The ALJ, however, does not indicate that Dr. Liebe's December 2012 report

2    is actually more detailed than a simple "checklist form." *Id*. Indeed, the ALJ failed

3    to recognize the objective opinions, observed and recorded limitations, and

4    medical test results expressed in the check box form. AR 957-59. Dr. Liebe

5    provided objective explanations based on her clinical observations and test results

6    to support each domain wherein she found D.J.D. to be suffering by marked or

7    extreme limitations. *Id*.; *see Garrison v. Colvin*, 759 F.3d 995, 1013 (9th Cir.

8    2014).

9        Additionally, the ALJ failed to recognize treatment notes completed by Dr.

10   Liebe both prior and subsequent to the checklist form. Despite the fact that Dr.

11   Liebe provided more detailed records, containing pages of treatment notes and

12   diagnostic observations from appointments with D.J.D. on November 16, 2012,

13   December 4, 2013, and May 28, 2013, the ALJ's decision is devoid of any

14   reference to these additional documents. AR 950-55, 973-75, 983-85. The ALJ's

15   assertion that Dr. Liebe's opinion lacks credibility because it consists of a checklist

16   form that sheds little insight into the true nature of the claimant's overall condition

17   is inaccurate. AR 29, 950-55, 973-75, 983-85.

18       In order to reject Dr. Liebe's opinion, the ALJ must set out a detailed and

19   thorough summary of the facts and conflicting clinical evidence. Here, the ALJ

20   gave little weight to the opinion of Dr. Liebe, but failed to recognize that the

opinion consisted of much more than just a checklist form. AR 29. The ALJ

rejected Dr. Liebe's opinion all-together with no discussion of the objective

explanations, diagnostic evaluations, and test results. *Id*.  The ALJ does not set out

a detailed and thorough summary of the facts, but simply concludes that the

opinion is not credible because it consists of a checklist form and conflicts with

other evidence provided. *Id*. Additionally, the ALJ does not set out a detailed and

thorough summary of the conflicting clinical evidence. Indeed, the ALJ does not

even cite to conflicting medical opinions.

The ALJ failed to provide specific and legitimate reasons for rejecting Dr.

Liebe's opinion and failed to set out a detailed and thorough summary of the facts

and conflicting clinical evidence. AR 21. The ALJ's blanket statement that this

opinion should be given little weight on this basis does not satisfy the standard. *See*

*Lester v. Chater*, 81 F.3d at 830-31. Thus, the ALJ erred in rejecting Dr. Liebe's

opinion. This error is not harmless because it cannot be considered inconsequential

to the determination of disability. *Molina*, 674 F.3d at 1115.

**B. When the limitations proposed by Dr. Liebe are accepted as true, the**

**record demonstrates that D.J.D. is disabled.**

When an ALJ fails to provide adequate reasons for rejecting a treating or

examining doctor's opinion, that opinion is credited as a matter of law. *Lester*, 81

F.3d at 834 (citations omitted).  Dr. Liebe opined that D.J.D. has marked

1  limitations in three of the six domains, and extreme limitations in two of the six

2  domains. AR 957-59. To functionally equal the listings, D.J.D.'s impairment or

3  combination of impartments must result in marked limitations in *two* domains of

4  functioning or an extreme limitation in *one* domain. 20 C.F.R. § 416.926a(d)

5  (emphasis added). Thus, with credit of Dr. Liebe's medical opinion, D.J.D.'s

6  limitations would functionally equal the listings.

7          It is clear that if Dr. Liebe's opinion is properly credited as a matter of law,

8  D.J.D. would be found to be disabled because his limitations would functionally

9  equal the listings. *See Id*. The Court need not even determine whether the ALJ

10  erred with regard to her analysis of Ms. Deluna's testimony and the ALJ's

11  determination of the impairments because upon credit of Dr. Liebe's opinion, the

12  record shows that D.J.D. is disabled.

13  **C. Remedy.**

14          Remand for further administrative proceedings is appropriate if

15  enhancement of the record would be useful. *See Harman v. Apfel*, 211 F.3d 1172,

16  1178 (9th Cir. 2000). Conversely, where the record has been developed fully and

17  further administrative proceedings would serve no useful purpose, the district court

18  should remand for an immediate award of benefits. *Benecke v. Barnhart*, 379 F.3d

19  587 (9th Cir. 2004). Case law dictates that the district court should credit evidence

20

that was rejected during the administrative process and remand for an immediate

award of benefits if:

> (1) the ALJ failed to provide legally sufficient reasons for rejecting
> the evidence;
> (2) there are no outstanding issues that must be resolved before a
> determination of disability can be made; and
> (3) it is clear from the record that the ALJ would be required to find
> the claimant disabled were such evidence credited.

*Id.*; *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (quoting *Smolen v.*

*Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).

Here, as demonstrated above, there are no outstanding issues that must be

resolved before a determination of disability can be made because the record

establishes that D.J.D.'s limitations functionally equal the listings once Dr. Liebe's

opinion is properly credited as a matter of law. Thus, no purpose would be served

by remanding for further proceedings, and the proper remedy is to remand for the

payment of benefits.

### VIII.  Conclusion

Having reviewed the record and the ALJ's findings, the Court finds the

ALJ's decision is not supported by substantial evidence and not free of legal error.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 17,** is **DENIED.**

3. **Judgment shall be entered for Plaintiff** and against Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR BENEFITS~ 14**

1    4. This matter is **REMANDED** for immediate payment of benefits.

2    **IT IS SO ORDERED.** The District Court Executive is directed to enter this

3 Order, forward copies to counsel and **CLOSE the file**.

4    **DATED** this 24th day of October, 2016.

5                          _s/Robert H. Whaley_
                        ROBERT H. WHALEY
6                  Senior United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR BENEFITS~ 15**